## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA ALEXANDRIA DIVISION

| | |
|---|---|
| **RAYMOND CORMIER**<br>**Plaintiff,** | ) **JURY TRIAL DEMANDED**<br>)<br>) |
| **v.** | ) Case No. 1:23cv1401<br>RDA\WEF |
| **Credit Control, LLC,** | ) |
| **SERVE:** | ) |
| **C T CORPORATION SYSTEM** | ) |
| **4701 Cox Rd Ste 285,** | ) |
| **Glen Allen, VA, 23060 - 6808** | ) |
| **Defendant.** | |

# COMPLAINT AND DEMAND FOR JURY TRIAL

## I.  INTRODUCTION

1.      This is an action for actual and statutory brought by Plaintiff Raymond Cormier, an

individual consumer, against Defendant, **Credit Control, LLC** for violations of the Fair

Credit Reporting Act, 15 U.S.C § 1681 *et seq.* (hereinafter "FCRA").

## II.   JURISDICTION AND VENUE

2.      Jurisdiction of this court arises under 15 U.S.C § 1681p, and 28 U.S.C § 1331. Venue in this District is proper in that the Defendants transact business in Alexandria, Fairfax County, Virginia, and the conduct complained of occurred in Alexandria, Fairfax County, Virginia.

3.      The court has supplemental jurisdiction pursuant to 28 U.S.C § 1367


## III.  PARTIES

4.      Plaintiff Raymond Cormier (hereinafter "Mr. Cormier") is a natural person residing in Alexandria, Fairfax County, Virginia. Mr. Cormier is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a(c).  Plaintiff is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3).


5.      Upon information and belief, Defendant Credit Control, LLC, is a Missouri corporation. Service for process is CT Corporation located at 4701 Cox Rd Ste 285, Glen Allen, VA, 23060 - 6808.


6.      The Acts of defendant as described in this complaint were performed by Defendant or on behalf of Defendant's by it owners, officers, agents, and/or employees acting within the scope or their actual or apparent authority. As such all references to "Defendants" in this complaint shall mean Defendants or their owners, officers, agents, and/or employees.

## IV.   FACTS OF THE COMPLAINT

### *Existence of a Consumer Report*

7.      On or about October 19, 2022, plaintiff reviewed his Experian Consumer Report # 2780-0654-87

### *Defandants access to Consumer report*

8.      In this report I observed an unauthorized inquiry from the Defendant

9.      Defendant Credit Control, LLC unauthorized inquiry was made on 02/26/2022. SEE EXHIBIT A

### *Lack of Permissible Statutory Purpose*

10.      Credit Control, LLC accessed Plaintiff's consumer report without permissible purpose pursuant to 15 U.S.C § 1681b(f).

11.      Discovery will show the plaintiff had no existing business relationship, contractual obligation, or any other transaction with Defendant Credit Control, LLC that would allow for such an inquiry under 15 U.S.C. § 1681b(a)(3)(A) or any other provision.

12.      Discovery will show that Defendant Credit Control, LLC was neither retained by a creditor with whom Plaintiff had initiated a transaction nor involved with any collection

activities pertaining to a debt initiated by Plaintiff, thus failing to establish a permissible purpose for accessing Plaintiff's consumer report.

13.     Upon accessing Plaintiff's consumer report Defendant Credit Control, LLC did not take any follow up actions, such as sending a collection notice, thereby indicating a lack of permissible purpose for the inquiry.

14.     Discovery will show Plaintiff never initiated a consumer credit transaction with Defendant nor had an account with the Defendant.

15.     Discovery will show Plaintiff never gave consent to Defendants to access his consumer report.

### *Requisite Mental State*

16.     Defendant Credit Control, LLC was aware or should have been aware of their obligations under the FCRA to access consumer reports only for permissible purposes.

17.     Discovery will show despite this knowledge, Defendant Credit Control, LLC Intentionally or recklessly disregarded their obligations under the FCRA and did not verify a purported debt or take other actions that would constitute a permissible purpose for accessing Plaintiff's consumer report.

18.     Discovery will show Defendant Credit Control, LLC violation was not isolated but part of a pattern or practice, as evidenced by multiple consumer complaints lodged

against the company for similar unauthorized access to consumer reports further demonstrating willfulness.

19.     Plaintiff injury is "particularized" and "actual" in that the conduct that deprived Plaintiff of his rights were directed by Defendants to Plaintiff specifically.

20.     Plaintiff injury is "particularized" and "actual" in that the Plaintiff has suffered emotional distress from the defendants unauthorized access of his consumer report.

21.     Plaintiff injury is "particularized" and "actual" in that the Plaintiff has suffered an invasion of privacy. This intrusion into the Plaintiffs personal information has caused a feeling of vulnerability, worry, and anxiety which leads to sleeplessness and headaches.

22.     Plaintiff injury is "particularized" and "actual" in that the Plaintiff has suffered fear and anger of the invasion of his privacy.

23.     Plaintiff injury is "particularized" and "actual" in that the Plaintiff has incurred a loss of time due to research and learning necessitated by the defendants invasion of privacy.

24.     The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

25.     A favorable decision herein will redress the Plaintiff's injury with money damages.

26.     A favorable decision herein would serve to deter defendant from further similar conduct.

## COUNT I VIOLATION OF FAIR CREDIT REPORTING ACT

## 15 U.S.C. §1681b(f) defendant Credit Control, LLC.

27.     All preceding paragraphs are realleged

28.     On or about October 22, 2022 a consumer report pertaining to Plaintiff was generated and maintained by a consumer reporting agency as defined by 15 U.S.C. §1681a(f)

29.     Defendant Credit Control, LLC accessed Plaintiff's consumer report on 02/26/2022.

30.     Defendant Credit Control, LLC has accessed Plaintiff's consumer report without permissible purpose pursuant to 15 U.S.C. §1681b(f).

31.   Plaintiff had no existing business relationship, contractual obligation, or any other transaction with Defendant Credit Control, LLC that would allow for such an inquiry under 15 U.S.C. § 1681b(a)(3)(A) or any other provision.

32.   Defendant Credit Control, LLC was neither retained by a creditor with whom Plaintiff had initiated a transaction nor involved with any collection activities pertaining to a debt initiated by Plaintiff, thus failing to establish a permissible purpose for accessing Plaintiff's consumer report.

33.   Despite this knowledge, Defendant Credit Control, LLC Intentionally or recklessly disregarded their obligations under the FCRA and did not verify a purported debt or take other actions that would constitute a permissible purpose for accessing Plaintiff's consumer report.

34.   Defendant Credit Control, LLC violation was not isolated but part of a pattern or practice, as evidenced by multiple consumer complaints lodged against the company for similar unauthorized access to consumer reports further demonstrating willfulness.

35.   As a direct result of Defendant Credit Control, LLC violation of 15 U.S.C. §1681b(f). Plaintiff has suffered actual damages, is entitled to statutory damages, and potentially punitive damages, as provided by 15 U.S.C. §1681n(a) and 1681(o).

## JURY DEMAND AND PRAYER FOR RELIEF

Wherefore, Plaintiff Raymond D. Cormier, respectfully demands a jury trial and request that judgment be entered in favor of the Plaintiff against the defendant for:

a.    Actual damages, statutory damages, and potentially punitive damages, as provided by 15 U.S.C. §1681n(a) and 1681(o).

Respectfully submitted:

Raymond Cormier

6500 Osprey Point Ln

Alexandria, VA 22315

571-237-8428

Raymann0@protonmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRIGINIA
_Alexandria_ DIVISION

Raymond Cormier
_____
Plaintiff(s),

v.

Credit Control, LLC
_____
Defendant(s).

Civil Action Number: 1:23CV1401

## LOCAL RULE 83.1(M) CERTIFICATION

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of _Complaint and Demad for Jury Trial_
(Title of Document)

Raymond Cormier
Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: 10/13/23 (Date)

OR

The following attorney(s) prepared or assisted me in preparation of _____.
(Title of Document)

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document

_____
(Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _____ (Date)